IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISON

| | | |
|---|---|---|
| Donald R. Walker-Bey, Jr., | ) | C/A No.: 1:22-cv-00361-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Cassie Gabrowski, BCC Machine Lead; Megan Poole, Human Resources; Krista Craig, Asset Leader B15-B16; Kimberly Clark Corporation; and Ted Busbee, Crew Leader, | ) ) ) ) ) ) | **OPINION & ORDER** |
| | ) | |
| Defendants. | ) | |
|  | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges (the "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). [EFC No. 27.] In the Report, the Magistrate Judge recommends the court dismiss the action with prejudice as barred by the statute of limitations. Following the issuance of the Report, Plaintiff, proceeding *pro se*, filed a second Response in Opposition to Defendants' Motion to Dismiss. [ECF No. 30.] In this response, Plaintiff stated he was sick with COVID-19 during the time allotted to file suit. Viewing the response in the light most favorable to Plaintiff given his *pro se* status, the court interprets this as Plaintiff's objection to the Report's finding that no reason exists to justify the equitable tolling of the statute of limitations. For the reasons stated below, the court adopts the Report in its entirety.

**FACTUAL AND PROCEDURAL BACKGROUND**

Prior to initiating his action in this court, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against Defendant Kimberly Clark Corporation and certain employees of Kimberly Clark ("Defendants") alleging discrimination and retaliation

based on race, color, national origin, and religion. [ECF No. 5 p. 6.] The EEOC dismissed Plaintiff's complaint in a letter dated November 8, 2021. [ECF No. 1-1.] In the letter, under a section titled Notice of Suit Rights, the EEOC informed Plaintiff that any lawsuit he wished to file against Defendants "must be filed within 90 days of your receipt of this notice; or your right to sue based on this charge will be lost." *Id*.

Plaintiff, proceeding *pro se*, filed the Complaint in this case on February 7, 2021, ninety-one days after receiving his letter of dismissal from the EEOC. [ECF No. 1.] Plaintiff subsequently filed an Amended Complaint on February 25, 2021, asserting multiple violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII") against the Defendants. [ECF No. 5.] Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)[1] on the grounds that Plaintiff failed to initiate his lawsuit within ninety days of receiving notice of his right to sue and the doctrine of equitable tolling does not apply. [ECF Nos. 13, 13-1 pp. 3–6.] The court issued a *Roseboro* Order advising Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [ECF No. 18.] The Motion was briefed by the parties, ECF Nos. 20, 25, and the Magistrate Judge issued her Report recommending this court grant Defendants' Motion to Dismiss, ECF No. 27.

Following issuance of the Magistrate Judge's Report, Plaintiff filed a "Response to the defendant's [sic] dismissal." [ECF No. 30.] In this Response, Plaintiff states that he was diagnosed with COVID-19 and incapacitated from December 28, 2021, through January 30, 2022, and includes doctor's notes supporting his claim. Defendants filed a Reply, ECF No. 32, arguing

---

[1] Because the court dismisses the complaint on the statute of limitations grounds, it is unnecessary to address Defendant's additional Fed. R. Civ. P. 12(b)(5) argument that Plaintiff's complaint is subject to dismissal for failure to effectuate proper service.

2

Plaintiff's additional response is not permitted, untimely, and fails to address the Report and Recommendation. Defendants also ask this court to adopt the Magistrate Judge's Report.

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination only of those portions of the report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections … this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## DISCUSSION

The court must liberally construe *pro se* pleadings, holding them to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976). Construing Plaintiff's second Response as liberally as possible, Plaintiff appears to object to the Report's finding that he failed to show why the ninety-day period for filing suit should be tolled on the grounds he suffered from COVID-19 during that time. Given the specificity of this objection, the court reviews the issue of equitable tolling *de novo.*

The Report's recommendation to dismiss Plaintiff's Title VII claim is two-fold. First, the Magistrate Judge found that Plaintiff failed to initiate his lawsuit within ninety days of receipt of his notice of right to sue from the EEOC as required by 42 U.S.C. § 2000e–5(f)(1). [ECF No. 27.] Second, the Magistrate Judge found that Plaintiff did not show any reason that equitable tolling should apply in his case. *Id*. Because Plaintiff does not object to the finding that he filed his complaint more than ninety days after receiving his notice of right to sue, the court construes his objection as relating to the Magistrate Judge's recommendation regarding equitable tolling. Even considering this, however, the court finds that Plaintiff's objection cannot be sustained. Because Plaintiff has failed to show why his filing deadline should be equitably tolled, the court adopts the recommendations of the Magistrate Judge's Report.

Plaintiff's EEOC notice was issued on November 8, 2021. He filed his suit on February 7, 2022, ninety-one days after the notice was issued. The Magistrate Judge correctly found that the ninety-day filing period begins when Plaintiff receives notice that the right to sue is available, not when he collects that notice. *See Watts-Means v. Prince George's Fam. Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993). Plaintiff's receipt of the EEOC email triggered the beginning of the ninety-day filing period. *See Wolfe v. Wps Health Sols., Inc.*, No. 4:20-175, 2021 WL 1992027, at *3 (E.D.

Va. Apr. 7, 2021), *report and recommendation adopted*, 2021 WL 1991259 (E.D. Va. May 18, 2021). Plaintiff's filing on the ninety-first day was, therefore, untimely.

A filing outside the ninety-day statute of limitations is time-barred and may be grounds for dismissal unless equitable tolling applies. *See Harvey v. City of New Bern Police Dept.*, 813 F.2d 652, 653 (4th Cir. 1993); *Dixon v. Digit. Equip. Corp.*, No. 9201483, 1992 WL 245867 (4th Cir. 1992) (dismissing suit and rejecting equitable tolling where *pro se* plaintiff filed suit one day late). To warrant equitable tolling, Plaintiff must show that "(1) he had been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The court will only find equitable tolling appropriate where "due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) (en banc) (citations omitted).

The court finds no existing circumstances justifying equitable tolling here. Plaintiff asserts that the statute of limitations should be equitably tolled because he was incapacitated with COVID-19 from December 28, 2021, to January 30, 2022. [ECF No. 5 p. 1.] The court finds Plaintiff was not pursuing his rights diligently at the time the statute of limitation ran and that contracting COVID-19 does not rise to the level of an "extraordinary circumstance" sufficient to trigger equitable tolling. Plaintiff received notice of the statute of limitations on November 8, 2021, and contracted COVID-19 on December 28 of that year. Plaintiff had fifty days from receipt of the notice until he fell ill during which he could have filed his Complaint. Additionally, Plaintiff had seven days after he recovered—from January 31 until February 6, 2022—to file suit. Because Plaintiff does not establish why he failed to timely file his Complaint prior to contracting or after

recovering from COVID-19 and fails to explain why COVID-19 constitutes an "extraordinary circumstance," he fails to provide grounds justifying equitable tolling.

After a *de novo* review, the court finds that Plaintiff has failed to show that he was diligently pursuing his rights during the ninety-day statute of limitations period or that his COVID-19 diagnosis was an extraordinary circumstance that justifies equitable tolling. Accordingly, the court adopts the portion of the Report finding no reason justifying equitable tolling exists and overrules Plaintiff's objection to the same.

## CONCLUSION

Having reviewed the Report, the objections, and the record before this court, and for the reasons set forth above, the court adopts the Report, ECF No. 27, in its entirety and incorporates the Report herein by reference. Therefore, it is the judgment of this court that Defendants' motion to dismiss, ECF No. 13, is **GRANTED**. Accordingly, Plaintiff's complaint under Title VII is **DISMISSED with prejudice.**

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon_____
United States District Judge

October 24, 2022
Columbia, South Carolina