IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISON

| | | |
|---|---|---|
| Donald R. Walker-Bey, Jr., | ) | C/A No.: 1:22-cv-00361-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Cassie Gabrowski, BCC Machine Lead; Megan Poole, Human Resources; Krista Craig, Asset Leader B15-B16; Kimberly Clark Corporation; and Ted Busbee, Crew Leader, | ) ) ) ) ) ) | **OPINION & ORDER** |
| | ) | |
| Defendants. | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges (the "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). [EFC No. 27.] In the Report, the Magistrate Judge recommends granting Defendant Kimberly-Clerk Corporation's ("Defendant") Motion to Dismiss [ECF No. 13] (the "Motion") with prejudice. Following the issuance of the Report, Plaintiff, proceeding *pro se*, filed a second Response in Opposition to Defendant's Motion. [ECF No. 30.] In this response, Plaintiff stated he was sick with COVID-19 during the time allotted to file suit. Viewing the response in the light most favorable to Plaintiff given his *pro se* status, the court interprets this as Plaintiff's objection to the Report's finding that no reason exists to justify the equitable tolling of the statute of limitations. For the reasons stated below, the court adopts the Report in its entirety, granting the Defendant's Motion with prejudice. In addition, the court dismisses the action as to defendants Cassie Gabrowski, Megan Poole, Krista Craig, and Ted Busbee (the "individually named Defendants") for failure to effectuate proper service as per Fed. R. Civ. P. 4(c) and Local Civ. Rules 4.01 and 5.05, D.S.C.

**FACTUAL AND PROCEDURAL BACKGROUND**

Prior to initiating his action in this court, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against Defendant and the individually named Defendants alleging discrimination and retaliation based on race, color, national origin, and religion. [ECF No. 5 p. 6.] The EEOC dismissed Plaintiff's complaint in a letter dated November 8, 2021. [ECF No. 1-1.] In the letter, under a section titled Notice of Suit Rights, the EEOC informed Plaintiff that any lawsuit he wished to file "must be filed within 90 days of your receipt of this notice; or your right to sue based on this charge will be lost." *Id*.

Plaintiff, proceeding *pro se*, filed the Complaint in this case on February 7, 2021, ninety-one days after receiving his letter of dismissal from the EEOC. [ECF No. 1.] Plaintiff subsequently filed an Amended Complaint on February 25, 2021, asserting multiple violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"). [ECF No. 5.] Defendant filed the Motion pursuant to Fed. R. Civ. P. 12(b)(6)[1] on the grounds that Plaintiff failed to initiate his lawsuit within ninety days of receiving notice of his right to sue and the doctrine of equitable tolling does not apply. [ECF Nos. 13, 13-1 pp. 3–6.] The court issued a *Roseboro* Order advising Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately to Defendant's motion. [ECF No. 18.] The Motion was briefed by the parties, ECF Nos. 20, 25, and the Magistrate Judge issued her Report recommending this court grant Defendant's Motion to Dismiss, ECF No. 27.

Following issuance of the Magistrate Judge's Report, Plaintiff filed a "Response to the defendant's dismissal." [ECF No. 30.] In this Response, Plaintiff states that he was diagnosed with

---

[1]Because the court dismisses the complaint on the statute of limitations grounds, it is unnecessary to address Defendant's additional Fed. R. Civ. P. 12(b)(5) argument that Plaintiff's complaint is subject to dismissal for failure to effectuate proper service.

2

COVID-19 and incapacitated from December 28, 2021, through January 30, 2022, and includes doctor's notes supporting his claim. Defendant filed a Reply, ECF No. 32, arguing Plaintiff's additional response is not permitted, untimely, and fails to address the Report and Recommendation. Defendant also ask this court to adopt the Magistrate Judge's Report.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination only of those portions of the report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). A specific objection "requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities." *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. Mar. 26, 2019). It must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, "[i]n the absence of *specific* objections … this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

**DISCUSSION**

The court must liberally construe *pro se* pleadings, holding them to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976). Construing Plaintiff's second Response as liberally as possible, Plaintiff appears to object to the Report's finding that he failed to show why the ninety-day period for filing suit should be tolled on the grounds he suffered from COVID-19 during that time. Given the specificity of this objection, the court reviews the issue of equitable tolling *de novo*.

In addition, the court finds that despite being given clear instructions and warnings about service as to the individually named defendants, they were not properly served by Plaintiff. "The principle of liberal construction is not without limits… and appearing *pro se* does not relieve plaintiffs of the obligation to comply with the Federal Rules of Civil Procedure." *Spanos v. Vick*, 576 F.Supp.3d 361 (E.D. Va. 2021). Because the individually named defendants were not served in accordance with Fed. R. Civ. P. 4(c) and Local Rules 4.01 and 5.05, D.S.C., the court finds it proper to dismiss the complaint as to these defendants in accordance with Fed. R. Civ. P. 4(m).

### I.    Dismissal as to Defendant Kimberly-Clark

The Report's recommendation to dismiss Plaintiff's Title VII claim is two-fold. First, the Magistrate Judge found that Plaintiff failed to initiate his lawsuit within ninety days of receipt of his notice of right to sue from the EEOC as required by 42 U.S.C. § 2000e–5(f)(1). [ECF No. 27.] Second, the Magistrate Judge found that Plaintiff did not show any reason that equitable tolling should apply in his case. *Id*. Because Plaintiff does not object to the finding that he filed his complaint more than ninety days after receiving his notice of right to sue, the court construes his objection as relating to the Magistrate Judge's recommendation regarding equitable tolling. Even considering this, however, the court finds that Plaintiff's objection cannot be sustained. Because

Plaintiff has failed to show why his filing deadline should be equitably tolled, the court adopts the recommendations of the Magistrate Judge's Report.

Plaintiff's EEOC notice was issued on November 8, 2021. He filed his suit on February 7, 2022, ninety-one days after the notice was issued. The Magistrate Judge correctly found that the ninety-day filing period begins when Plaintiff receives notice that the right to sue is available, not when he collects that notice. *See Watts-Means v. Prince George's Fam. Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993). Plaintiff's receipt of the EEOC email triggered the beginning of the ninety-day filing period. *See Wolfe v. Wps Health Sols., Inc.*, No. 4:20-175, 2021 WL 1992027, at *3 (E.D. Va. Apr. 7, 2021), *report and recommendation adopted*, 2021 WL 1991259 (E.D. Va. May 18, 2021). Plaintiff's filing on the ninety-first day was, therefore, untimely.

A filing outside the ninety-day statute of limitations is time-barred and may be grounds for dismissal unless equitable tolling applies. *See Harvey v. City of New Bern Police Dept.*, 813 F.2d 652, 653 (4th Cir. 1993); *Dixon v. Digit. Equip. Corp.*, No. 9201483, 1992 WL 245867 (4th Cir. 1992) (dismissing suit and rejecting equitable tolling where *pro se* plaintiff filed suit one day late). To warrant equitable tolling, Plaintiff must show that "(1) he had been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The court will only find equitable tolling appropriate where "due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) (en banc) (citations omitted).

The court finds no existing circumstances justifying equitable tolling here. Plaintiff asserts that the statute of limitations should be equitably tolled because he was incapacitated with COVID-19 from December 28, 2021, to January 30, 2022. [ECF No. 5 p. 1.] The court finds Plaintiff was

5

not pursuing his rights diligently at the time the statute of limitation ran and that contracting COVID-19 does not rise to the level of an "extraordinary circumstance" sufficient to trigger equitable tolling. Plaintiff received notice of the statute of limitations on November 8, 2021, and contracted COVID-19 on December 28 of that year. Plaintiff had fifty days from receipt of the notice until he fell ill during which he could have filed his Complaint. Additionally, Plaintiff had seven days after he recovered—from January 31 until February 6, 2022—to file suit. Because Plaintiff does not establish why he failed to timely file his Complaint prior to contracting or after recovering from COVID-19 and fails to explain why COVID-19 constitutes an "extraordinary circumstance," he fails to provide grounds justifying equitable tolling.

After a *de novo* review, the court finds that Plaintiff has failed to show that he was diligently pursuing his rights during the ninety-day statute of limitations period or that his COVID-19 diagnosis was an extraordinary circumstance that justifies equitable tolling. Accordingly, the court adopts the portion of the Report finding no reason justifying equitable tolling exists and overrules Plaintiff's objection to the same.

**II. Dismissal as to the individually named Defendants for lack of proper service**

After Plaintiff filed his Initial Complaint [ECF No. 1], an Order was issued under Local Civil Rule 73.02(B)(2)(e) referring pretrial actions to the Magistrate Judge. [ECF No. 3.] That Order said that Plaintiff had failed to provide the proper service documents and instructed Plaintiff to "Complete one summons form which lists every Defendant named in this matter." Plaintiff subsequently submitted his Amended Complaint, ECF No. 5, which named Defendant Kimberly-Clark Corporation as well as the individually named Defendants. Plaintiff also submitted a single Summons Form, ECF No. 6, which listed Kimberly Clark Corporation alone in the space for

"Defendant(s)." The Amended Complaint and Summons Form, ECF Nos. 5 and 6, were filed on the same day.

The Magistrate Judge then issued an Order, ECF No. 8, directing the Clerk of Court "to complete the summons presented by Plaintiff at ECF No. 6." That same Order told Plaintiff he was "responsible for service under Rule 4 of the Federal Rules of Civil Procedure." The Magistrate Judge also noted that "The undersigned notes that Plaintiff only submitted one proposed summons which lists Kimberly Clark Corporation as the sole defendant. If Plaintiff wishes to serve the other defendants he must submit a new summons which lists all defendants name and addresses." [ECF No. 8.] Plaintiff then filed Certificate of Service, ECF No. 12, stating "I have sent the filed civil action to the following addresses" and listing Defendant Kimberly-Clark Corporation's South Carolina and Texas addresses. Beyond this, there is no further indication of service.

This court finds that Plaintiff was informed of the proper procedure for service of process and was made aware by the Magistrate Judge that his proposed summons did not include any of the individually named defendants. Plaintiff failed to comply with the rules regarding proper service. *See* Fed. R. Civ. P. 4(c) and Local Rules 4.01 and 5.05, D.S.C. Therefore, the court dismissed the complaint as to the individually named defendants. Fed. R. Civ. P. 4(m).

## CONCLUSION

Having reviewed the Report, the objections, and the record before this court, and for the reasons set forth above, the court adopts the Report, ECF No. 27, in its entirety and incorporates the Report herein by reference. Therefore, it is the judgment of this court that Defendant's Motion to Dismiss, ECF No. 13, is **GRANTED**. Accordingly, Plaintiff's complaint under Title VII is **DISMISSED with prejudice** as to Defendant. Furthermore, Plaintiff's complaint is also

7

dismissed in its entirety as to defendants Cassie Gabrowski, Megan Poole, Krista Craig, and Ted Busbee for failure to serve.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon_____
United States District Judge

October 28, 2022
Columbia, South Carolina